IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT NEW JERSEY

| | |
|---|---|
| JESUS ROSARIO-CABAN<br>501 Old Forge Drive<br>Bath, PA 18014<br><br>    Plaintiff,<br> v.<br><br>STRYKER HEATING, COOLING, &<br>PLUMBING INC.<br>438 US Highway 22 W<br>Whitehouse Station, NJ 08889<br><br>    Defendant. | CIVIL ACTION NO.:<br><br>**CIVIL ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff Jesus Rosario-Caban ("Plaintiff"), by and through undersigned counsel, hereby complain as follows against Defendant Stryker Heating, Cooling & Plumbing Inc. ("Defendant").

**INTRODUCTION**

1.  Plaintiff initiates this action to redress violations by Defendants of 42 U.S.C. § 1981 (hereinafter "Section 1981"), the New Jersey Law Against Discrimination ("NJLAD"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant subjected Plaintiff to a hostile work environment and discrimination on the basis of his race (Hispanic). Defendant then fired Plaintiff in retaliation for their complaints about same and/or due to his race. As a result of Defendant's conduct, Plaintiff suffered damages as set forth herein.

**JURISDICTION AND VENUE**

2.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, 42 U.S.C. § 1981, *et seq*. This Court has jurisdiction over Plaintiff's state law claims because they are supplemental

to Plaintiffs' underlying federal claims and arise out of the same transaction or occurrences, having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff timely filed an EEOC Charge and received a Right-to-Sue notice on or around August 20, 2021, enabling him to file this matter in this Court.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth in the caption.

8. Defendant is a corporation with a place of business at the address set forth in the caption.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Plaintiff is a Hispanic man.

12. Defendant hired Plaintiff as a HVAC Helper in or around August of 2019.

13. Defendant at times assigned Plaintiff to work with a Caucasian male coworker, Pete ("Coworker Pete").

14. In or around June of 2020, Plaintiff overheard Coworker Pete refer to an individual as a ***"nigger"*** while telling a story.

15. Plaintiff immediately advised Coworker Pete that his use of the term ***"nigger"*** was offensive to him.

16. In or around July of 2020, Defendant again assigned Plaintiff to work alongside Coworker Pete.

17. Plaintiff informed Defendant's manager Daryl ("Manager Daryl") that he did not want to work with Coworker Pete because of his racially harassing and discriminatory behavior.

18. Manager Daryl refused to change Plaintiff's assignment.

19. In response, Plaintiff approached Defendant's manager Mike ("Manager Mike") to address the refusal and change Manager Daryl's decision.

20. Manager Mike is Defendant's owner's son.

21. Plaintiff informed Manager Mike that he did not want to work with Coworker Pete because of his racially harassing and discriminatory behavior.

22. Manager Mike responded to Plaintiff, stating "I am not going to fire [Coworker Pete] for his opinion," and further told Plaintiff to "let it go."

23. Plaintiff reported to his assignment with Coworker Pete.

24. In or around mid-August, during a discussion with Coworker Pete about the neighborhood they were working in, Plaintiff heard Coworker Pete state that he "would not live in [this] neighborhood," because he "didn't fit the color."

25. Plaintiff finished the assignment with Coworker Pete.

26. On or around August 21, 2020, Plaintiff complained to Manager Daryl about Coworker Pete's second instance of racially discriminatory and harassing behaviors and comments.

27. Specifically, Plaintiff sent a text message to Defendant's Manager Daryl stating that he wished Defendant would "please speak to Pete" and "have him stop saying racist and prejudiced remarks."

28. In response to Plaintiff's message, Manager Daryl admonished Plaintiff for putting his complaint in writing.

29. Immediately thereafter, Manager Daryl fired Plaintiff because of his complaints.

30. As a result of Defendant's unlawful actions, Plaintiff has suffered harm.

## COUNT I
## Violations of 42 U.S.C. § 1981
### (Racial Harassment/Discrimination)

31. The foregoing paragraphs are incorporated herein as if set forth in full.

32. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of § 1981.

33. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of § 1981.

34. § 1981 prohibits employers, such as Defendant, from harassing and/or discriminating against employees on the basis of race.

35. Throughout Plaintiff's employment, Defendant subjected Plaintiff to severe and pervasive racial harassment and racial discrimination and hostile work environment which was both offensive and unwelcome.

36. Defendant violated Plaintiff's rights under § 1981 by harassing and/or discriminating against Plaintiff because of his race.

37. Defendant fired Plaintiff, at least in part, due to his race.

38. Defendant's actions as set forth above constitute violations of § 1981.

39. Plaintiff has suffered harm as a result of Defendant's actions.

## COUNT II
## Violations of 42 U.S.C. § 1981
### (Hostile Work Environment)

40. The foregoing paragraphs are incorporated herein as if set forth in full.

41. Throughout Plaintiff's employment, Defendant subjected Plaintiff to severe and pervasive racial harassment/discrimination and hostile work environment which was both offensive and unwelcome.

42. Defendant failed to remedy the racial harassment/discrimination and hostile work environment to which Plaintiff was exposed even after receiving notice that same was occurring in the workplace.

43. Any reasonable person would have felt that they were being subjected to racial harassment and a hostile work environment due to the use of the highly offensive racial slurs and racial epithets in Defendant's workplace and by Defendant's conduct in failing to effectively remedy same after being put on notice of same.

44. Defendant's actions as set forth above constitute violations of 42 U.S.C. § 1981.

45. Plaintiff has suffered harm as a result of Defendant's actions.

## COUNT III
## Violations of 42 U.S.C. § 1981
### (Retaliation)

46. The foregoing paragraphs are incorporated herein as if set forth in full.

47. Throughout Plaintiff's employment, Defendant subjected Plaintiff to severe and pervasive racial harassment/discrimination and hostile work environment which was both offensive and unwelcome.

48. Plaintiff complained of race discrimination/harassment and/or hostile work environment.

49. Defendant fired Plaintiff in retaliation for his complaints of race discrimination/harassment and/or hostile work environment.

50. § 1981 prohibits employers, such as Defendant, from retaliating against employees for complaining of race discrimination/harassment and/or hostile work environment.

51. Defendant's actions as set forth above constitute violations of § 1981.

52. Plaintiff has suffered harm as a result of Defendant's actions.

## COUNT IV
### Violations of the New Jersey Law Against Discrimination ("NJLAD")
### (Race Discrimination)

53. The forgoing paragraphs are incorporated herein as if set forth in full.

54. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the NJLAD.

55. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the NJLAD.

56. The NJLAD prohibits employers, such as Defendant, from discriminating against employees on the basis of race.

57. Throughout Plaintiff's employment, Defendant subjected Plaintiff to severe and pervasive racial harassment/discrimination and hostile work environment which was both offensive and unwelcome.

58. Defendant violated Plaintiff's rights under NJLAD by harassing and/or discriminating against Plaintiff because of his race.

59. Defendant fired Plaintiff, at least in part, due to his race.

60. Defendant violated Plaintiff's rights under NJLAD by firing Plaintiff, at least in part, due to his race.

61. Defendant's actions as set forth above constitute violations of NJLAD.

62. Plaintiff has suffered harm as a result of Defendant's actions.

**COUNT V**
**Violations of NJLAD**
**(Hostile Work Environment)**

63. The foregoing paragraphs are incorporated herein as if set forth in full.

64. Throughout Plaintiff's employment, Defendant subjected Plaintiff to severe and pervasive racial harassment/discrimination and hostile work environment which was both offensive and unwelcome.

65. Defendant failed to remedy the racial harassment/discrimination and hostile work environment to which Plaintiff was exposed even after receiving notice that same was occurring in the workplace.

66. Any reasonable person would have felt that they were being subjected to racial harassment and hostile work environment due to the use of the highly offensive racial slurs and racial epithets in Defendant's workplace and by Defendant's conduct in failing to effectively remedy same after being put on notice of same.

67. Defendant's actions as set forth above constitute violations of NJLAD.

68. Plaintiff has suffered harm as a result of Defendant's actions.

**COUNT VI**
**Violations of NJLAD**

**(Retaliation)**

69. The forgoing paragraphs are incorporated herein as if set forth in full.

70. NJLAD prohibits employers, such as Defendant, from retaliating against employees for complaining of race discrimination.

71. Plaintiff was subjected to severe and pervasive racial harassment and racial discrimination and a racially hostile work environment which was both offensive and unwelcome.

72. Plaintiff complained of racial harassment/discrimination and a racially hostile work environment.

73. Defendant violated Plaintiff's rights under NJLAD by terminating him in retaliation for his complaints of racial harassment/discrimination and a racially hostile work environment.

74. Defendant's actions as set forth above constitute violations of NJLAD.

75. Plaintiff has suffered harm as result of Defendant's actions.

**COUNT VII**
**Violations of Title VII**
**(Race Discrimination)**

76. The forgoing paragraphs are incorporated herein as if set forth in full.

77. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of Title VII.

78. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of Title VII.

79. Title VII prohibits employers, such as Defendant, from discriminating against employees on the basis of race.

80. Throughout Plaintiff's employment, Defendant subjected Plaintiff to severe and pervasive racial harassment/discrimination and hostile work environment which was both offensive and unwelcome.

81. Defendant violated Plaintiff's rights under Title VII by harassing and/or discriminating against Plaintiff because of his race.

82. Defendant fired Plaintiff, at least in part, due to his race.

83. Defendant violated Plaintiff's rights under Title VII by firing Plaintiff, at least in part, due to his race.

84. Defendant's actions as set forth above constitute violations of Title VII.

85. Plaintiff has suffered harm as a result of Defendant's actions.

**COUNT VIII**
**Violations of Title VII**
**(Hostile Work Environment)**

86. The foregoing paragraphs are incorporated herein as if set forth in full.

87. Throughout Plaintiff's employment, Defendant subjected Plaintiff to severe and pervasive racial harassment/discrimination and hostile work environment which was both offensive and unwelcome.

88. Defendant failed to remedy the racial harassment/discrimination and hostile work environment to which Plaintiff was exposed even after receiving notice that same was occurring in the workplace.

89. Any reasonable person would have felt that they were being subjected to racial harassment and hostile work environment due to the use of the highly offensive racial slurs and racial epithets in Defendant's workplace and by Defendant's conduct in failing to effectively remedy same after being put on notice of same.

90. Defendant's actions as set forth above constitute violations of Title VII.

91. Plaintiff has suffered harm as a result of Defendant's actions.

## COUNT IX
## Violations of Title VII
### (Retaliation)

92. The forgoing paragraphs are incorporated herein as if set forth in full.

93. Title VII prohibits employers, such as Defendant, from retaliating against employees for complaining of race discrimination.

94. Plaintiff was subjected to severe and pervasive racial harassment and racial discrimination and a racially hostile work environment which was both offensive and unwelcome.

95. Plaintiff complained of racial harassment/discrimination and a racially hostile work environment.

96. Defendant violated Plaintiff's rights under Title VII by terminating him in retaliation for his complaints of racial harassment/discrimination and a racially hostile work environment.

97. Defendant's actions as set forth above constitute violations of Title VII.

98. Plaintiff has suffered harm as result of Defendant's actions.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff or anyone else on any basis forbidden by 42 U.S.C. § 1981, the NJLAD and Title VII;

B. Defendant is to promulgate and adhere to a policy prohibiting racial discrimination/harassment and retaliation;

  C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back and front pay;

  D. Plaintiff is to be awarded actual damages, as well as damages for the emotional distress, pain, suffering, and humiliation caused by Defendant's actions;

  E. Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

  F. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

  G. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable law; and

  H. Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Manali Arora*
Manali Arora, Esq.
1101 Kings Hwy N, Suite 402
Cherry Hill, NJ 08034
(856) 685-7420
(856) 685-7417 Fax